Lou., Cin. & Lex. R. R. Co. v. The Commonwealth.

CASE 27—INDICTMENT—MARCH 2, 1882.

# Lou., Cin. & Lex. R. R. Co. v. The Commonwealth.

### APPEAL FROM KENTON CIRCUIT COURT.

1. The crossing of a turnpike by appellant's trains at the rate of from fifteen to twenty miles an hour, without sufficient warning, is a public nuisance.

2. Where a nuisance is public, endangering the community by the careless and incautious exercise of a hazardous business, the contributory negligence of any, or, indeed, all the community, furnishes no defense to the injury to the public.

3. Evidence offered as to the absence of casualties on other roads conducted in a more populous community, and at crossings more generally used than the highway in question, was properly excluded.

M. J. DUDLEY FOR APPELLANT.

1. A master is not liable to a criminal action at common law for the acts of his servant unless actually authorized by him.   (Sherman & Redfield on Negligence, 78.)

2. If the fault is on both sides, the burden of proof is upon plaintiff to show that, notwithstanding any neglect on his part, the injury is not attributable to him, but to the misconduct of defendant.   (Greenleaf on Evidence, sec. 473.)

3. It is the policy, in the construction of railroads and the incorporation of railway companies, to have conveyed passengers, freight, and property with the greatest possible speed.   (L. & F. R. R. Co. v. Milton, 14 B. Mon., 80.)

4. As to the reciprocal duties of trains and strangers, I refer to 29 N. Y., 2 Tiffany, 315; 96 Ill.; 33 Ind., 333.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
   No brief.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

This was a prosecution for a common law nuisance, charged to have been committed by the appellant at a crossing of the turnpike and its railroad, by habitually running its trains at an unsafe and unreasonable rate of speed, and so rapidly as to endanger, hazard, and injure persons traveling upon

the turnpike, without giving warning signals or taking precautions to avoid injuring .such persons by approaching trains.

A trial was had, and a verdict and judgment rendered against the appellant for $500, from which it prosecutes this appeal, and asks a reversal of the judgment because of erroneous instructions and an improper exclusion of evidence from the jury, and a refusal to sustain the motion in arrest of judgment.

The instructions asked by the appellant, and rejected by the court, in effect negatives the legal sufficiency of the alleged and proven facts, and applies to this character of case the doctrine of contributory negligence.

This court said in the case of the L. & N. R. R. Co. v. Commonwealth, 13th Bush, 390, that a railroad company "may lawfully run its trains at any reasonable rate of speed, but it is bound to take reasonable precautions to prevent the enjoyment of its privilege from injuring those crossing its road upon public highways."

This general rule must be considered the settled law of this State, and being sound in principle, we perceive no reason for departing from it.

Tested by it, the indictment states a public offense, and substantially sets forth a public nuisance, and the motion in arrest of judgment was therefore properly overruled.

The evidence shows that the turnpike is daily used in travel by a large number of people passing on horseback and in vehicles over the crossing. Some days as many as one hundred and fifty people thus travel over it. The turnpike is the main thoroughfare from the city of Covington to the town of Independence, whither the public officers, attorneys at law and others go to transact the ordinary official

business of the county, and that the appellants ran as many as four trains a day over the crossing at the rate of fifteen to twenty miles an hour, and the formation of the country at the crossing prevented persons approaching it along the pike on one side of the railroad from seeing trains until they came within twenty-four to fifty steps of the crossing. This evidence clearly establishes the fact that the safety of the numerous persons passing over the crossing requires that warning signals should be given of the approach of trains.

The jury, by their verdict, in effect found that the appellant habitually failed to give such signals, and as they were necessary to the safety of the public from danger of approaching trains, the appellant was legally convicted, unless the finding of the jury is without evidence to support it. There is evidence of failure to give any warning signals on several occasions, and the testimony introduced by appellant to establish the custom of ringing the bell or sounding the whistle on the approach of trains to the crossing, does not show that such warning signals were universally given, and it lacks some of the elements of certainty. And the jury having found that the evidence was sufficient to establish that dereliction of duty, we are not inclined to disturb their verdict, as it is not without evidential support, as the frequency and rapidity of the passing trains require the best warning reasonably within appellant's power to be given, by the use of the ordinary signals for such purposes to the public of the proximity and approach of such trains.

The instructions given were in accord with the law, and applicable to the facts of this case; but those refused did not contain the law suited to the facts and quality of this accusation.

Where a nuisance is public, annoying the members of the community generally by the careless and incautious exercise of a hazardous and dangerous business in their midst, the contributory negligence of any or all of them furnishes no excuse or defense to a prosecution for any injury to the public generally.

The greater the peril to which the public is exposed the more precaution should be taken by those in control of the power productive of the hazard; and whatever may be the conduct of individuals, whether incautious, negligent, or reckless, neither railroads nor any others are thereby exempted from the duty of so exercising their rights as not unnecessarily to imperil the safety or impair the privileges of the public, nor can they escape responsibility for neglect of duty on the ground that individual members of the community unnecessarily imperil their own safety.

The principles of law found in section 473, 2 Greenleaf's Evidence, which appellant's counsel insist are applicable to a public nuisance, relate to an action by a private individual for an injury to his person or property growing out of acts which might amount in fact to a public nuisance, and as the action is not for an injury to the public, the doctrine of contributory negligence applies: Where the injury sought to be remedied is to the rights of the individual alone, he ought not to recover damages if his contributory carelessness caused the injury, and it cannot make any difference, so long as the individual complains in his own right, that the injury affects the whole community; but the rule is different when the public is the complainant.

Then what was merely a civil injury to the individual becomes more—a public offense—which, being impersonal, cannot be excused by the contributory acts of persons.

The appellant offered to prove the absence of casualties on other roads conducted in a more populous community, and at intersections of highways more generally used than the crossing of the turnpike in question, and the evidence was excluded, and we think correctly, because it was irrelevant to the issue in this case, which was confined to the appellant's guilt or innocence of the offense charged in the indictment, and illustrated none of the legitimate questions involved in the trial.

Therefore the judgment must be affirmed.