## Johnson v. Commonwealth.

(Decided January 16, 1913.)

### Appeal from Clark Circuit Court.

1. Criminal Law—Trial—When Due Diligence not Used.—The defendant having been held over at an examining trial on August

10 to answer in the circuit court, and having been indicted on
September 13, when the case was set for trial on September 17,
due diligence was not used when no subpoenas were taken out until
September 16 for witnesses living in another county.

2. Judgment—When Judgment of Conviction Will not be Reversed.—
A judgment for conviction will not be reversed for an error not
affecting the substantial rights of the defendant on the whole
case.

3. Witnesses—Exclusion of Witness' Answer—When Judgment Will
Not Be Reversed.—A witness having gone beyond the question that
was asked him, and the court by its charge to the jury having
practically excluded this part of the answer, a judgment of con-
viction will not be reversed for this cause as it must be assumed
that the jury obeyed the instructions of the court.

GEO. F. WYCOFF and F. H. HAGGARD, for appellant.

JAS. GARNETT, Attorney-General, CHAS. H. MORRIS, Assistant
Attorney-General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Wm. Johnson was arrested on August 9, 1912, under
a warrant issued by the county judge charging him with
unlawfully detaining Nora Leahy against her will with
intent to have carnal knowledge of her. At an examin-
ing court held on Aug. 10, he was held to answer the
charge and gave bond for his appearance in the circuit
court. On Sept. 13, the grand jury returned an indict-
ment against him. He failed to appear when called, a
warrant was issued for his arrest and on September 14
he executed bond for his appearance on September 17
to answer the charge. His surety had him arrested and
placed in custody on September 16, and when his case
was called on the 17th he filed an affidavit for a continu-
ance on the ground that two of his witnesses were absent;
that he had taken out subpoenas for them on September
16 and was going to the post office to mail them to the
proper officers, when he was arrested and put in jail and
so had been unable to do anything further with the sub-
poenas. One of the witnesses lived in Fayette county, the
other in Rockcastle county. There was a want of due
diligence in getting this testimony. He could have had
his witnesses recognized at the examining trial or could
have applied for a subpoena for them after this. Bow-
man v. Com., 146 Ky. 486. The indictment was returned
against him on September 13 and the case was then set
for trial on September 17, but he took no steps until
September 16 and then he only took out subpoenas which

were never placed in the hands of an officer or ever mailed.

After the defendant had testified in his own behalf the Commonwealth introduced J. L. Dykes who proved that defendant's general reputation was bad. The witness was then asked on cross-examination who he had heard discuss his reputation and said he had heard various parties. He was then asked to name one such person and answered that he had heard Jess Tevis on yesterday say that this was not the first time defendant had been accused of this kind of trouble. The defendant moved the court to exclude the answer. The court overruled the motion but charged the jury that they could consider the testimony of Dykes only on the question of the credibility of the defendant as a witness if they believed it did effect his credibility and that they should consider it for no other purpose.

We must assume that the jury obeyed the instruction of the court and if they did the defendant was not substantially prejudiced by the answer of the witness Dykes. The jury found the defendant guilty and the above are the grounds relied on for reversal. Neither is sufficient. There was no error in refusing a continuance as there was a lack of proper diligence; and while Dykes went in his answer beyond the question that was asked him and the Court might have excluded so much of his answer as narrated what Tevis said, the instruction which he gave in substance did this; and if every similar slip of a witness were sufficient to reverse a conviction few convictions would stand. The verdict is not palpably against the evidence and on the whole record we do not see that there was any error on the trial to the prejudice of the substantial rights of the defendant.

Judgment affirmed.