## Mitchell v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Allen Circuit Court.

1. Criminal Law—Excessive Verdict.—A verdict in a criminal case will not be considered excessive if it be within the limits prescribed by law.

2. Criminal Law—New Trial.—As a general rule a new trial will not be granted upon evidence which merely tends to contradict or impeach a witness who testifies for the Commonwealth.

3. Criminal Law—Res Gestae.—Where two persons are jointly indicted for maliciously cutting, and both placed upon trial at the same time, it is not improper for the Commonwealth to show what each did in connection with the crime, as what was done at that time by the participants in the difficulty was a part of the res gestae and competent.

OLIVER & DIXON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Mitchell with his son, Orville Mitchell, was indicted in the Allen circuit court for the crime of maliciously cutting and wounding another with intention to kill him, but was found guilty of the lower offense of striking and wounding another in sudden heat of passion or sudden affray, as provided in section 1242, Kentucky Statutes, and his punishment fixed at a fine of $500.00. At the conclusion of the evidence for the Commonwealth Orville Mitchell was, on motion, found not guilty of the charge in the indictment. This appeal is prosecuted by W. R. Mitchell only. He seeks reversal of the judgment upon three grounds: (1) The verdict of the jury is against the evidence, excessive and unreasonable; (2) newly discovered evidence of a contradictory nature, and (3) the court permitted incompetent evidence to be heard by the jury over the objection of the appellant. The dispute out of which the trouble arose and which resulted in the indictment and conviction of appellant began over what was once the old school house grounds at the Doddy school house in Allen county. The district had acquired a new school house and grounds on the opposite side of the highway, but the teacher Bradley thought the old grounds belonged to the school property

and allowed his pupils to play on the old grounds as well as the new. Mitchell and his family lived on or very near the old school grounds and claimed the same under a rent contract which he had with Mrs. Hudson. On one afternoon Mrs. Mitchell, wife of appellant, and Bradley, the teacher of the school, got into a dispute over the right of the pupils to play on the old school grounds. Shortly after the dispute Mrs. Mitchell called up the superintendent of public schools at Scottsville and asked him to bring his title papers, if any he had, and come out to the school house the next day and settle the dispute. Pursuant to the request the superintendent, accompanied by a professor of the Bowling Green Normal School, went to the Doddy school the next morning and there, in company with Bradley, the teacher, went to the old school grounds where Mitchell lived for the purpose of locating the line and settling the dispute. Appellant Mitchell, his wife, a son and mother-in-law were all present. Shortly after the arrival of the superintendent at the point of dispute a quarrel arose between Mrs. Mitchell and Bradley, the teacher. Mrs. Mitchell accused Bradley of disputing her word, which Bradley denied. Appellant Mitchell was then sitting on a fence with his knife in his hand, as he says. He told Bradley not to dispute Mrs. Mitchell's word; Bradley again said he had not on the day before stated what Mrs. Mitchell claimed he had said. Thereupon appellant Mitchell jumped from the fence with his knife in his hand and struck a blow with the knife at Bradley, the teacher, cutting his collar and shirt in front and grazing his skin so that it produced a slight bit of blood. Before appellant could reach and strike Bradley the latter had stepped back so as to avoid the stroke and thus saved what otherwise would have been a very dangerous, if not fatal cut. Following this Bradley picked up a stone but was made to drop it by the son of appellant, who threatened to cut Bradley in two. One or both of the Mitchells ran after Bradley as he left the grounds.

(1) It is the contention of appellant that the verdict is excessive because the prosecuting witness, Bradley, was but slightly injured by the stroke of Mitchell's knife. It is true that Bradley was but grazed by the knife, but he testifies that his skin was broken and blood oozed from the wound. It is not nor could it well be urged that the minuteness and harmlessness of the wound was intended

by appellant, nor that it resulted from any effort on his part to save the witness Bradley from death or serious bodily injury. A stroke like the one made by appellant at Bradley was well calculated, but for the alertness of Bradley, to have taken the latter's life. It was the alertness of the witness Bradley in dodging the blow and not the failure of appellant to make a determined effort to strike a fatal blow that saved Bradley from a dangerous, if not a fatal wound. In this view of the facts Mitchell should rejoice at the verdict. Moreover, it cannot be said that a verdict in a criminal case is excessive if it be within the limits prescribed by law as in this case. Dilliard and Dewey Todd v. Commonwealth, 195 Ky. 379, nor unless it impress the mind at first blush that it is flagrantly out of proportion to the offense proven. Cloninger v. Commonwealth, 191 Ky. 841.

(2) The newly discovered evidence upon which appellant relies was not of such convincing and controlling nature as to satisfy the mind of the court that if heard by a jury along with the other evidence embraced in the record a different verdict would have been returned. Evidence which merely contradicts or impeaches a witness for the Commonwealth has never been held to be sufficient to warrant the trial court in granting a new trial. Appellant insists that if a new trial had been granted he could have shown by at least three persons on the school ground that he did not pursue the witness Bradley as Bradley left the place of the difficulty. This, however, was not the point at issue. He was charged only with the crime of cutting and wounding another with intention to kill him and convicted of the lower offense of striking and wounding in sudden heat of passion; and, as it was immaterial in view of the verdict finding him guilty of the lower offense that appellant pursued the witness from the grounds, we think the trial court properly refused a new trial. At any rate, there were several persons at the trial who were present at the time of the difficulty and saw what happened but who were not called by appellant to show he did not pursue the witness Bradley from the place of the difficulty.

(3) It is also insisted the trial court allowed the introduction of incompetent evidence against appellant on the trial. This evidence related to what Orville Mitchell the son of appellant, did on the occasion of the trouble. It must be remembered, however, that Orville was jointly

indicted with appellant for malicious cutting. They were both on trial. Under these circumstances it was proper for the Commonwealth to show what Orville did, if anything, towards striking and wounding the witness Bradley. All the facts and circumstances immediately surrounding the trouble were relevant. It all happened quickly and Bradley ran from the ground immediately after appellant struck him with the knife. What was said and done at that time by the participants in the difficulty was a part of the *res gestae* and competent upon the trial.

Perceiving no error to the prejudice of appellant the judgment is affirmed.