## Brown v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Calloway Circuit Court.

1. Intoxicating Liquors—Accusation of Transporting Spirituous Liquors Need not Allege They Were Intoxicating.—In an indictment for unlawfully transporting intoxicating liquors, it was sufficient for the accusative part to charge the offense of unlawfully transporting spirituous liquors, without alleging the liquors were intoxicating, since the term "spirituous liquor" is well understood by people generally as intoxicating liquors.

2. Criminal Law—Instruction on Reasonable Doubt Held Favorable to Accused.—An instruction that the law presumed the defendant to be innocent until proven guilty, and that, if the jury have a reasonable doubt of his having been so proven, they will find him not guilty, is more favorable to accused than he was entitled to have.

3. Criminal Law—Instruction on Reasonable Doubt Should Conform to Statute.—The instruction on reasonable doubt should always follow in substance the language of Criminal Code of Practice, section 238, providing that, if there be a reasonable doubt of the defendant being proved to be guilty, he is entitled to an acquittal.

4.   Intoxicating Liquors—Evidence Held to Sustain Conviction for
     Transportation.—Evidence of a taxi driver that there was no liquor
     in his taxi when defendant entered it, that defendant left the ve-
     hicle at one point, and shortly thereafter returned to it partially
     intoxicated, but that the driver could not see whether he had any-
     thing with him, and that when the driver notified the officers they
     found liquor in the taxi, to which no one but defendant had had
     access, is sufficient to sustain a conviction for unlawfully trans-
     porting the liquor.

WEAKS & PHILLIPS and JOHN G. LOVETT for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant Brown was convicted in the Calloway cir-
cuit court of the offense of transporting intoxicating li-
quors, and his punishment fixed at a fine and jail sen-
tence, from which he appeals.

As grounds for a reversal of the judgment he insists
(1) that the demurrer to the indictment should have been
sustained; (2) the reasonable doubt instruction was un-
favorable to him; (3) a peremptory instruction should
have been given in his favor.

The indictment accused appellant Brown of the of-
fense of "unlawfully transporting spirituous liquors,"
and he insists that this is too indefinite, and further that
it is no offense to transport spirituous liquors unless they
are intoxicating. The term "spirituous liquors" is so
well understood by people generally as synonymous with
intoxicating liquors that the indictment could hardly
have been more definite and certain by the employment of
other words. The specifications of the indictment also
employ the words "spirituous liquors," which for the
same reason is sufficient. The trial court properly over-
ruled the demurrer to the indictment.

In the instruction to the jury as to reasonable doubt
the court said:

"The law presumes the defendant to be innocent until
proven guilty, and if you have reasonable doubt of his
having been so proven you will find him not guilty."

While this instruction fairly presents the law, it is
more favorable to the defendant than he was entitled to
have. This instruction should always follow in substance

the language of section 238 of the Criminal Code, which is in these words:

"If there be a reasonable doubt of the defendant being proven to be guilty, he is entitled to an acquittal."

The court should not tell the jury that the law presumes the innocence of a defendant. Mickey v. Commonwealth, 9th Bush 593; Minniard v. Commonwealth, 158 Ky. 210; Clary v. Commonwealth, 163 Ky. 48; Commonwealth v. Stites, 190 Ky. 402.

Appellant's principal insistence is that the evidence was insufficient to carry the case to the jury and to support the verdict. Appellant was in Murray at night and desiring to go to Hazel, his home, he engaged Richardson, a taxi driver, to take him. Richardson came with his taxi to a certain meat shop where appellant was to meet him; at that time there was no liquor in the car; appellant boarded the car and said, "Let's go." They started for Hazel. After traveling two or three miles appellant asked the driver to stop, which he did, and appellant alighted and went a short distance from the car and soon returned. Whether appellant put anything into the car at that time or not the driver was unable to say, for it was dark; at that time appellant was partially drunk. He soon went to sleep, sitting in the front seat with the driver. Either after they arrived at Hazel, where appellant resided, or before that time, Richardson, the driver, learned that there was whiskey in the car. The driver tried to awaken appellant and remove him from the car when they arrived at Hazel but was unable to do so. After making several futile efforts, he turned his car and started back in the direction of Murray; after going some distance he called up his employer in Murray and told him to come out and get him; that appellant was drunk in the car and asleep and he could not unload him, and that there was liquor in the car. With this information his employer went to the sheriff's office and induced that official and one or more of his deputies to go with him. When they arrived at the car on the road some miles from Murray, they found appellant Brown asleep in the car. In the rear of the car was a sack containing a jug of whiskey, and on the floor of the car were several fruit jars filled with whiskey. The sheriff arrested Brown and confiscated the liquor. At the trial appellant denied any knowledge of the liquor. The witness, Richardson, however, testified that there was no liquor in the car at the time he started with appellant to Hazel, and that he did

not put the liquor in the car and that no other person was in the car except the appellant and the witness. On these facts the jury found appellant guilty, and we think the evidence is entirely sufficient to sustain the verdict. The court did not err in overruling appellant's motion for a directed verdict at the conclusion of the evidence. For these reasons the judgment is affirmed.

Judgment affirmed.