## Sullivan v. Commonwealth.

(Decided December 18, 1923.)

## Appeal from Harlan Circuit Court.

1. Criminal Law—Affidavit Not Showing Diligence or Absence of Witness Without Procurement Insufficient in Support of Motion for Continuance.—There was no error in overruling a motion for continuance, where affidavit stated that defendant "had summoned" the witness, but failed to state when or by what means or officer he had been summoned, and did not show his absence was without defendant's procurement or consent.

2. Criminal Law—Ruling on Motion for Continuance Not Disturbed, in Absence of Affirmative showing of Abuse of Discretion.—The grant or refusal of a continuance will not be disturbed by the Court of Appeals, in the absence of a showing affirmatively appearing of record that such ruling amounted to an abuse of discretion.

3. Intoxicating Liquors—Guilt of Unlawful Sale Held for Jury.— Whether accused was guilty of unlawful sale of intoxicating liquor held for the jury under the evidence.

4. Criminal Law—Province of Jury to Pass Upon Conflicting Evidence.—It is peculiarly the province of the jury to pass upon conflicting evidence and determine from it the guilt or innocence of the accused, and the trial court is without authority to direct his acquittal by the jury, if there is any evidence conducing to prove his guilt.

5. Criminal Law—Trial Court Not Authorized to Grant New Trial Unless Verdict Flagrantly Contrary to Evidence.—The trial court is not authorized to grant an accused a new trial on the ground that the verdict is unsupported by the evidence, unless it is clearly made to appear that it is flagrantly or palpably contrary thereto.

J. B. MINIARD for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The prosecution of the appellant, Solomon Sullivan, in this case began with his arrest under a warrant issued by the judge of the Harlan county court, charging him with the offense of unlawfully selling intoxicating liquor, viz., "moonshine" whiskey, to one Charles Creech. On his trial in the county court the jury returned a verdict finding him guilty of the offense charged and fixing his punishment at a fine of $300.00 and confinement of sixty days in jail. From the judgment entered upon that verdict the appellant took an appeal to the circuit court; and the trial in that court having resulted in a like verdict and judgment, he has appealed from the latter judgment to this court.

Only two of the grounds urged by the appellant in support of his motion for a new trial, overruled by the circuit court, are here relied on for the reversal of the judgment of that court, viz.: Error claimed to have been committed by the trial court. (1) In overruling his motion for a continuance. (2) In overruling his motion, made at the conclusion of the evidence, for a peremptory instruction directing a verdict of acquittal.

The first contention is devoid of merit. The affidavit filed by the appellant in support of his motion for the continuance has not been formally copied in the record, but what purports to be a full statement of its contents is set forth in the bill of exceptions, the accuracy of which, as a showing of what the affidavit contained, is established by the trial court's approval of the bill of exceptions. It is apparent from this statement of its contents that the affidavit failed to show the use of due diligence on the part of appellant to procure the attendance at his trial of the absent witness named therein. It did state the facts to which it was claimed the witness, if present, would testify and affirm the truth thereof; and

also that he had "summoned" the witness to attend the trial and testify in his behalf, but failed to state when, or by what means or officer he had been summoned, whether he resided within the jurisdiction of the trial court, or set forth any fact tending to show that his attendance as a witness could reasonably be obtained at the succeeding term of court. In addition to the defects mentioned, the affidavit failed to state that the absence of the witness named therein was without the appellant's procurement or consent.

As the obvious insufficiency of the affidavit constituting the basis of the appellant's motion for the continuance, authorized the overruling of the motion by the trial court, no reason is perceived for our declaring that court's refusal of the continuance an abuse of the discretion it was required by the law to exercise in determining that question; and it is only necessary to add, that under the well known rule of appellate practice and procedure obtaining in this jurisdiction, the action of a trial court in the matter of granting or refusing a continuance will not be disturbed by the Court of Appeals, in the absence of a showing, affirmatively appearing of record, that such action or ruling amounted to an abuse by that court of its discretion. Hence it follows, that the action of the trial court in overruling the appellant's motion for the continuance, was not error. Graham v. Comth., 200 Ky. 161; Johnson v. Comth., 151 Ky. 551; Kelly v. Comth., 165 Ky. 483; Armstrong v. Comth., 177 Ky. 690; McDaniel v. Comth., 185 Ky. 608.

The unsoundness of the appellant's second contention is apparent from the record. It is bottomed on the erroneous assumption that the evidence was insufficient to authorize the submission of the case to the jury, which entitled the appellant to an instruction peremptorily directing the jury to return a verdict finding him not guilty of the offense charged. Our consideration of the evidence has brought us to a different conclusion. There were but two witnesses introduced by the Commonwealth. The first, Charles Creech, named in the indictment as the person to whom the sale of the whiskey was charged to have been made by the appellant, was an unwilling witness. But his testimony substantially disclosed the following facts: That the whiskey in question was purchased by him in Harlan county within a year before the finding of the indictment at the residence of Marshall

Ball, about a half mile from the Harlan courthouse; that Ball, who is a son-in-law of the appellant, was not then at home, but while at Ball's he saw five other men there, the appellant being, as he "thought," one of them; that he (Creech) found on a table in a back room of Ball's house a "pop bottle" filled with moonshine whiskey which he appropriated, but paid for by leaving seventy-five cents lying on the table. That he contracted with no one for the purchase of the whiskey and did not know by whom it was placed on the table, or who got the money he left on the table, but that he saw John M. Middleton also place seventy-five cents on the same table and take therefrom a bottle like the one obtained by him.

John M. Middleton, the Commonwealth's second witness, testified that he was at the residence of Marshall Ball, the appellant's son-in-law, at the time stated by the witness Creech and while there saw the latter take from the table in a back room a pop bottle and at the same time leave on the table seventy-five cents; and that he (Middleton) also took from the same table a pop bottle containing moonshine whiskey, in payment of which he too left seventy-five cents on the table. This witness also testified that upon his arrival at Ball's house a man there "he thought" was the defendant (appellant), in reply to his request to be informed whether "any whiskey could be found," said "he did not know of any but some might be found;" and that later he saw a man "that favored the defendant" set the pop bottles on the table from which he and Creech were supplied with the bottle of whiskey obtained by each of them, but that this man was not in the room when the bottles were taken and paid for by them.

Although when first questioned, Middleton seemed reluctant to positively say the appellant was the person of whom he inquired about whiskey and who placed it in pop bottles on the table where he and Creech obtained and paid for it, when, before concluding his testimony, the appellant was made to stand before him in the presence of the jury for inspection, he then unhesitatingly declared that the latter "was the man to whom he talked about the liquor" and, "to the best of his belief" the man who put on the table the bottle of whiskey obtained and paid for by him and Creech. Middleton further testified that Ball and wife were not at their home while he was there, and that the former's reputation as an illegal

trafficker in intoxicating liquors was well known in the community including his place of residence.

The only evidence introduced for the appellant was furnished by his own testimony, which asserted his absence from Ball's residence at the time of the sale of the whiskey in question, and specifically denied every statement of the Commonwealth's witnesses that tended to implicate him in the sale thereof. But we are unable to find any reason for attempting to differentiate this case from the many other cases merely presenting a contrariety of evidence, the submission of which to the determination of a jury has been approved by this court. It is peculiarly the province of the jury to weigh and pass upon conflicting evidence and determine from it the guilt or innocence of the accused; and the trial court is without authority to direct his acquittal by the jury, if there is any evidence conducing to prove his guilt. Sorrels v. Comlth., 197 Ky. 761; Pace v. Comlth., 170 Ky. 560; Carter v. Comlth., 131 Ky. 240. Nor is the trial court authorized to grant the accused a new trial on the ground that the verdict is unsupported by the evidence, unless it is clearly made to appear that it is flagrantly or palpably contrary thereto. Partin & Allen v. Comlth., 197 Ky. 840; Day v. Comlth., 197 Ky. 730; Anderson v. Comlth., 196 Ky. 30.

A fair analysis of the evidence relied on by the Commonwealth to establish the appellant's guilt of the offense charged in the indictment, will show that the testimony of Creech as to his purchase of the whiskey at Ball's house and the manner of its purchase, was fully corroborated by that of Middleton, which also reasonably and fairly identified the appellant as the seller of the whiskey. In addition, their testimony is given a corroborative background and coloring by the circumstances that attended the sale, such as the device resorted to for effecting it and the fact that the whiskey was sought, found and obtained at the house where it was reputed to be kept, of the father-in-law of the owner, and all evidencing methods the "bootlegger" might be expected to employ in attempting to conceal the illegal character of his business from the officers of the law.

On the other hand, when it is considered that the only contradiction attempted of the foregoing evidence of the Commonwealth's witnesses and the corroboration given it by the circumstantial evidence referred to, is found in the uncorroborated testimony of the appellant, whose

interest in the result of the trial was personal and immediate, we are not surprised that the jury regarded the evidence of the Commonwealth sufficient to establish his guilt. As we are furnished by the record with no reason for disagreeing with that conclusion, the verdict will not be disturbed. Hence the judgment is affirmed.