## Wimms v. Commonwealth.

(Decided January 13, 1925.)

### Appeal from Fulton Circuit Court.

1.  Criminal Law—Refusal of Second Continuance Because of Absent Witnesses Held Not Abuse of Discretion.—Where defendant, who was on bond, failed to make any effort to locate absent witnesses, temporarily absent from county, and after first continuance on ground of their absence merely caused subpoenas to be placed in hand of sheriff of such county, refusal of second continuance was not abuse of discretion.
2.  Criminal Law—Use of Due Diligence to Procure Attendance of Witnesses Must Appear to Warrant Continuance.—To authorize granting of continuance on account of absence of witnesses, it must appear to trial court that party seeking continuance used due diligence to procure their attendance.
3.  Homicide—Evidence Held to Warrant Submission of Case Involving Self-Defense Issue to Jury.—In homicide prosecution in which defendant claimed to have acted in self-defense, conflicting evidence held to warrant submission of case to jury.

HESTER & STAHR for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellant, Jim Wimms, on his trial in the Fulton circuit court under an indictment charging him with the crime of murder, was convicted of voluntary manslaughter and his punishment fixed at confinement in the penitentiary twenty-one years, complaining of which

and the overruling of his motion for a new trial in the circuit court, he has appealed.

While additional grounds for a new trial were also filed by the appellant in the court below, the only one urged on this appeal by his counsel for the reversal of the judgment of conviction is, that of error alleged to have been committed by the trial court in refusing him a continuance of the case. The indictment was returned at the January term, 1924, of the Fulton circuit court and the case was docketed for trial at the succeeding May term of that court. Upon the calling of the case for trial May 6, 1924, of the latter term, the Commonwealth announced itself ready for trial, but the appellant declared his unreadiness at that time and entered motion, supported by his affidavit, for a continuance of the case to the September, 1924, term of the court. The motion was sustained by the court and the case continued.

When the case was called for trial at the September term, 1924, and on the 16th day of that month, the announcement of the Commonwealth's readiness therefor was followed by a motion from the appellant for a second continuance of the case; this motion, like the first, being supported by his affidavit containing the names of the witnesses on account of whose absence the continuance was asked; the testimony that it was claimed would be given by each; the alleged materiality and truthfulness thereof; the issuing of subpoenas for the witnesses, and closing with the further formal statements usually made in such affidavits.

It will be found from a comparison of this affidavit with the one upon which the appellant obtained the continuance at the May term, that the absent witnesses named in each were and are the same. It is, however, in effect conceded in the brief of appellant's counsel that the loss to him on his trial of the testimony of only one of these absent witnesses was prejudicial to his substantial rights, viz., that of the witness Lee Craton. It must be conceded that the testimony attributed to Craton by the appellant's affidavit for the continuance, would have been material to the latter's defense, and, if given by him as a witness on the trial, might have had weight with the jury. But it would be useless to speculate as to whether such might have been its probable effect, if the affidavit of the appellant for the continuance was insufficient to

authorize the trial court to grant it, which, obviously, is the decisive question to be determined on this appeal.

Our examination of the affidavit for the continuance convinces us that it fails to show that the appellant used reasonable diligence to procure the attendance at his trial of the witnesses, or any of them, named in his affidavit. Although it appears from the record that the appellant was on bond from the time of his arrest under the indictment until his trial, a period of about eight months, he failed, by the statements of either of his affidavits for a continuance of his case to show that he made any effort by inquiry, correspondence or otherwise, to locate the whereabouts of the absent witnesses. Although it is stated in the last affidavit that they were at the time of the commission of the offense with which he was charged, and also at the time of the continuance of his case at the May term of the court residents of Fulton county, and only temporarily absent therefrom; when, or after the continuance at that term was obtained, he contented himself with causing subpoenas to be issued against them which he placed in the hands of the sheriff of Fulton county, instead of ascertaining where they were, as claimed, temporarily staying, and directing and sending such subpoenas to the sheriff of the county or counties where they might be found.

It is true the affidavit states it was the custom of the absent witnesses to be at their homes in Fulton county at the time of cotton.picking and to be employed in that work, and that it expresses the affiants mere belief that they would return to the county in time for the cotton picking. But, manifestly, this character of affidavit, in view of the previous continuance of the case from the spring to the fall term of the court because of the absence of these witnesses and their failure in that time to return to the county, together with that of the appellant to locate or summon them for the September term, gave little hope of his being able, through a second continuance, to procure their attendance at the next term of the court.

To authorize the granting of a continuance on account of the absence of witnesses it must be made to appear to the trial court that the party seeking the continuance used due diligence to procure the attendance of such witnesses. Begley v. Comlth., 200 Ky. 568; Miller v. Comlth., 200 Ky. 235; Sullivan v. Comlth., 201 Ky. 390.

The following excerpt from the opinion in Begley v. Comlth., 200 Ky. 435, is peculiarly applicable to the situation presented in the case at bar:

"In the first place, the affidavit of the appellant fails to show that greater diligence or earlier efforts on the appellant's part to ascertain the whereabouts of the witness, would not have enabled him to locate and communicate with him and thereby procure his attendance and testimony on the trial."

As the action of the trial court in overruling the appellant's motion for a continuance was not an abuse of its discretion, it will not be declared reversible error.

The appellant admitted that he shot and wounded the deceased, Ben Johnson; and that the death of the latter from those wounds occurred three or four days later, was clearly established by the evidence. The appellant claimed, however, that the deceased was about to shoot him with a pistol he had drawn for that purpose and that the wounding was done in his (appellant's) necessary self-defense. Briefly stated, the facts were that the appellant on the day of the shooting had won from the deceased his boots in a crap game in which they and other negroes engaged. The deceased upon the demand of appellant refused to surrender the boots but claimed that he would pay for them if given time to raise the money. The appellant refused this and a quarrel immediately ensued between them, resulting in the shooting. There was some contrariety of evidence as to whether the shooting was done by the appellant in his self-defense. The latter testified that the deceased drew a pistol and attempted to shoot him but that he succeeded in shooting the latter before he could use his pistol. This testimony was in large measure contradicted by a bystander who saw at least a part of the difficulty, and it appears from the evidence that no pistol was found upon the person of the deceased or at the place where he was shot, and that he was immediately removed to the office of a physician and his clothing all removed without disclosing the presence of a pistol. So, while the evidence was conflicting, it was clearly sufficient to require the submission of the case to the jury, and as we cannot say the verdict was unsupported by the evidence, it should not be disturbed.

Judgment affirmed.