## Charles v. Commonwealth.

(Decided October 25, 1927.)

### Appeal from Bell Circuit Court.

1. Criminal Law.—Motion to exclude testimony of witness can prevail only where no part thereof is competent.
2. Criminal Law.—In homicide case, any witness who sees and examines firearm may testify as to its condition.
3. Homicide.—Conflicting evidence held to support conviction for murder.
4. Criminal Law.—Court of Appeals will not disturb verdict unless it is palpably against evidence.
5. Criminal Law.—In prosecution for murder, instructing that law presumed defendant innocent until his guilt was proved by evidence "to exclusion of reasonable doubt," and, if on the whole case jury had reasonable doubt of guilt, to acquit, instead of following language of Criminal Code of Practice, sec. 238, was not error.
6. Criminal Law.—In prosecution for murder, instruction that, if jury believed to exclusion of reasonable doubt defendant had been proven guilty under certain instructions, but entertained reasonable doubt as to degree of crime, to find him guilty of lower offense, which was voluntary manslaughter, was not prejudicial to defendant.
7. Criminal Law.—In prosecution for murder, alleged newly discovered evidence of witness testifying that he saw homicide and stating facts confirming defendant's theory that deceased was killed by person shooting at defendant, where commonwealth filed three affidavits showing that such witness did not see difficulty, and was very deaf and could not hear anything unless spoken to in very loud voice, held not to require new trial.
8. Criminal Law.—Newly discovered evidence, to warrant granting new trial therefor, must be such as would reasonably change result.

J. G. ROLLINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and JAMES S. GOLDEN for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

Finley Charles appeals from a verdict and judgment sentencing him to life imprisonment for the murder of Esley Hale. The proof for the Commonwealth showed these facts:

The killing occurred on Straight creek at Coleman's mining camp. Bev Hoskins and Esley Hale had just taken dinner at Hale's and were walking up the road. A short distance from Hale's house they met Finley Charles and Charlie Johnson. Mrs. Hale was in the road, and her attention was attracted by seeing Johnson running from where they were and looking back. She then discovered Finley Charles and Hoskins had their guns in their hands. Charles shot four times, three times at Hoskins and once at Hale. Hale fell and died immediately. Hoskins fell and died a few minutes later. After Hoskins fell, his pistol was found lying on the ground by him. After Hale fell, a bottle was found near his feet. Hoskins' pistol showed no signs of having been fired. Charles' pistol shot a steel bullet, and the wounds in both Hoskins and Hale indicated that they were inflicted with a steel bullet. On the other hand, Finley Charles gave this version of the difficulty:

"Me and Charley Johnson went walking up white row where this trouble happened, and we come back down, and I went to the door, and no one was at home, and I overtook Charley Johnson just as he met Hale and Hoskins, and I heard them talking to him and Hoskins turned around and said, 'There is a fellow looks like he is more ready to die than you are.' They were asking Charley Johnson about his religion, and turned and asked me how was my religion, and I told him I didn't have any, and he said, 'I will just knock you off;' and I jumped up behind Hale, and he fired at me and killed Esley Hale and Esley fell, and, as he sunk down, I shot Hoskins."

Charley Johnson makes this statement:

"Esley was talking to me and asked me if I had anything to drink, and I told him, 'No;' and Bev asked me, 'Have you got any religion?' and I told him, 'No;' and he said, 'As soon as you get some, I am going to send you on;' and laughed, and

I just laughed too, and in a few minutes Finley walked up and he asked him, 'Have you got any religion?' and he said, 'No; and I don't know whether I am going to get any or not;' and he just stepped in behind Esley Hale.

"Q. What was said before that? A. That is about all, and he stepped in behind Esley, and Bev says, 'Don't you do it, God damn you; I will shoot you in two;' and they went after their guns, and I run."

Appellant also introduced testimony tending to show that Hoskins' pistol had been fired, and that a lead bullet was found under Hale's body. The proof as a whole tends to show that Finley Charles and Johnson were out looking for whisky, and that all of them were under the influence of whisky.

Appellant seeks a reversal on the following grounds: (1) The admission of incompetent testimony; (2) the verdict is flagrantly against the evidence; (3) the court misinstructed the jury; (4) newly discovered evidence.

In the brief for appellant, it is insisted that the evidence of four witnesses introduced for the commonwealth was incompetent and should not have been admitted. But no reason is given. There was no objection to any question and answer, but at the conclusion of the witnesses' testimony there was a motion to exclude their testimony. As a part of the testimony of each of these witnesses was clearly competent, this motion was properly overruled. Such a motion may only prevail where no part of the witnesses' evidence is competent. These witnesses testified, in substance, that they saw and examined the pistol of Hoskins and found in the barrel lint and rust. Such facts any witness may testify to. The doctor who examined the men after they were shot was competent to testify as an expert as to the wounds in view of his age and experience. On the whole record, there was no substantial error in the admission of testimony.

While the evidence was conflicting, it cannot be said that the verdict is palpably against the evidence, and it is well settled that this court will not disturb a verdict unless it is palpably against the evidence. Sullivan v. Com., 201 Ky. 390, 257 S. W. 13. There were many cir-

cumstances strongly confirming the testimony of the witnesses for the commonwealth who saw the shooting; such as the direction of the ball which passed through Hale; the fact that a steel bullet was found under him; the fact that his flesh was burned where the ball entered, and the fact that the wound was just such as a steel bullet would inflict. The evidence for the defendants as to the cause of the trouble is so incredible that the jury were well warranted in believing that the whole truth had not been told.

3. The court, in instructing the jury, used the words, "to the exclusion of a reasonable doubt," instead of following the language of the Code (Cr. Code Prac., section 238), and he also gave these instructions:

"The law presumes the defendant innocent until his guilt has been proven by the evidence to the exclusion of a reasonable doubt, and, if upon the whole case the jury entertain a reasonable doubt as to his guilt, then you ought to find him not guilty.

"If the jury shall believe from the evidence to the exclusion of a reasonable doubt that the defendant has been proven guilty under instructions Nos. 1 or 2, but shall entertain from the evidence a reasonable doubt as to the degree of the crime, then you ought to find him guilty of the lower offense, voluntary manslaughter, and fix his punishment as set out in instruction No. 2."

These instructions substantially followed the Code, for a jury cannot believe a fact to the exclusion of a reasonable doubt if they have a reasonable doubt of the fact being proven. Instructions like this have often been approved. Wendling v. Com., 143 Ky. 587, 137 S. W. 205. No substantial right of the defendant was prejudiced by the instructions.

4. On his motion for a new trial, the defendant filed the affidavit of a newly discovered witness who testified that he saw the homicide and stated facts confirming the defendant's testimony. The commonwealth filed on the motion three affidavits of persons who testified that this witness did not see the difficulty, and that he was very deaf and could not hear anything unless spoken to him in a very loud voice. Plainly, if this evidence had been heard on the trial and the contradictory evidence had also been heard, it would have had no effect on the result

of the case. The rule is well settled that; in order to warrant the granting of a new trial for newly discovered evidence, the evidence must be such as would reasonably change the result. This is clearly not the case here.

Judgment affirmed.