## Hopkins v. Commonwealth.

(Decided May 17, 1929.)

520

FRANCIS M. BURKE for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was convicted of the crime of arson and sentenced to serve five years in the penitentiary.

He now insists that the trial court erred in refusing to grant him a new trial because of newly discovered evidence. To properly discuss his contention we must first give a brief resume of the facts as developed on the trial of this case. The commonwealth proved by Bill McKinney that he and the appellant were walking down a road in Pike county just after dark when they came to a dwelling house owned by Bascomb Porter. No one was in the house at the time. The appellant walked over to the house, kicked in a window, and then reached in and set fire to the place. He then came back to where McKinney had in the meantime been standing in the road. The commonwealth also established by this witness, and by Henry Newsome who came upon the scene just before the appellant rejoined McKinney in the road, that the appellant's shoe was cut as though by glass or some other sharp substance. Appellant denied that he had set fire to the house and claimed that he and McKinney were just walking around on the lookout for an expected raid by the officers of the law who were abroad in the community looking for an illicit still. The newly discovered evidence offered by appellant consists of the affidavits of four newly discovered witnesses, Dona Davis, May Davis, George Hopkins, and Grover Mitchell. We may at once dispose of the affidavits of George Hopkins and Grover Mitchell. These two undertake to tell nothing of their own knowledge, but only to state what they claim Bascomb Porter told them shortly after the fire. It may be said in passing that the record shows that Porter was dead at the time of the trial. This testimony of Hopkins and Mitchell would not have been admissible had they been present at the trial

and had been offered as witnesses, since it is mere hearsay. We so expressly held in the case of Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329. There was no error on the part of the trial court in disregarding their affidavits.

The affidavit of May Davis is to the effect that Porter made no effort to save his house while it was burning, and that the general rumor in the neighborhood was that the house had been burned to conceal some beer which was stored there and to prevent the officers from finding it. So far as the latter part of this affidavit is concerned, the same vice inheres in it that rendered the affidavits of Hopkins and Mitchell incompetent.

The affidavit of Dona Davis covers in part the same matter as is covered by the affidavit of May Davis. It further adds that the children of Porter were seen about the burned house probably 30 minutes before it was discovered to be on fire, that the windows had not been broken out, and that the shoes of the appellant had no cut place on them. It is not shown that the shoes which the witness saw were the same shoes appellant wore on the night of the fire. So far as the windows not being broken out is concerned, it was explained by a subsequent affidavit of this witness that the witness did not know whether the glass was broken out 'or not and that witness meant by the former affidavit that the sash had not been broken out.

To sum up, appellant insists that he is entitled to a new trial because he can prove that about 30 minutes before the house was discovered to be on fire, the children of Porter were playing about the place, and further that Porter made no effort to save the place after he found out that it was ablaze.

It is settled that the newly discovered evidence which justifies the granting of a new trial must be of such character as to have a decisive influence on or against the evidence to be overthrown by it. Roop v. Commonwealth, 201 Ky. 828, 258 S. W. 667; Mitchell v. Commonwealth, 195 Ky. 819, 243 S. W. 1028; Charles v. Commonwealth 222 Ky. 99, 300 S. W. 357.

Here there was a witness who testified that he saw Hopkins set fire to the place. Appellant's explanation of why he was abroad at the time and place where this house caught fire is not convincing. There are many reasons which suggest themselves to the mind why it might be that Porter made no effort to save his house after he

discovered it to be on fire. The presence of the children a half hour before the fire broke out is inconclusive. It is patent that the newly discovered evidence does not measure up to the standard required for the granting of a new trial, and the lower court committed no error in refusing it.

This is the sole ground relied upon for a reversal, and it being without merit, the judgment is affirmed.