Nevalene POE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 3, 1957.

Franklin & Franklin, Moore & Morrow, Madisonville, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

Nevalene Poe, the appellant, and her husband, Jasper, were indicted jointly for the murder of Will Pollard. Pollard was shot during a dispute concerning Poe's right to use a water well formerly on the Pollard farm, but at the time of the shooting apparently it was located on the highway right of way. At the trial, the Poes maintained that Nevalene Poe shot Pollard in defense of herself and her husband. Jasper was acquitted; Nevalene was convicted of voluntary manslaughter, and sentenced to prison for two years.

This appeal involves questions of law alone. The first error asserted by the appellant concerns the instructions given, over objection, by the trial judge. They were patterned closely upon the instructions set out in Stanley's Instructions to Juries, section 869, and approved by this Court in Saylor v. Commonwealth, 210 Ky. 796, 276 S.W. 841. These instructions have been given many times since their approval, and so far as we have been able to determine this is the first time a question has been raised as to their propriety. The appellant's objections are twofold: (1) The trial judge failed to give a "reasonable doubt" instruction; and (2) Instruction VI authorized the jury to find the accused guilty of voluntary manslaughter if they entertained a reasonable doubt of her having been proven guilty of any offense. The Criminal Code of Practice, § 238, provides: "If there be a reasonable doubt of the defendant being proven to be guilty, he is entitled to an acquittal." Failure to give an instruction on reasonable doubt on the whole case constitutes reversible error. Lindon v. Commonwealth, 257 Ky. 746, 79 S.W.2d 202. While it is the better practice to follow the language of the Criminal Code in giving the instruction (see Brown v. Commonwealth, 198 Ky. 663, 249 S.W. 777), instructions embodying the essence of section 238 are sufficient even though the language of that section is not followed literally. Charles v. Commonwealth, 222 Ky. 99, 300 S.W. 357.

█ Instructions were given covering murder and voluntary manslaughter, self-defense, the negative of self-defense, and the penalties applicable to each crime. Instruction VI reads:

"If you shall have a reasonable doubt from the evidence of the defendant, Nevoline Poe, having been proven guilty or if you believe from the evidence beyond a reasonable doubt that the defendant, Nevoline Poe, has been proven guilty, but entertain a reasonable doubt from the evidence as to whether her crime be wilful murder or voluntary manslaughter as those *defenses* are defined in these instructions, then you ought to find her guilty of voluntary manslaughter and fix her punishment as provided in instruction No. II."

Instruction VI is an attempted combination of an instruction on reasonable doubt on the whole case and one on conviction of a lesser offense. The reasonable doubt on the whole case portion of the instruction is incomplete; it does not require the jury to acquit Nevalene Poe if they have a reasonable doubt of her guilt. Furthermore, it seemingly authorizes the jury to return a verdict of guilty of voluntary manslaughter even though they have a reasonable doubt of Mrs. Poe's being proved guilty of any offense. We think the form of Instruction VI was erroneous and the giving of it constituted reversible error. We are not disposed to follow Saylor v. Commonwealth, 210 Ky. 796, 276 S.W. 841, for reasons herein set out.

█ The Commonwealth contends that any error in Instruction VI was cured by other instructions which set forth correctly the necessary principle of reasonable doubt. Instruction VI required the jury to believe the defendant guilty beyond a reasonable doubt before it returned a verdict of either wilful murder or voluntary manslaughter. We held in Lindon v. Commonwealth, 257 Ky. 746, 79 S.W.2d 202, that failure to give an instruction on reasonable doubt upon the whole case was error, and was not cured by instructions on murder and manslaughter requiring the jury to find beyond a reasonable doubt that the defendant was guilty of such specific offenses. We find no merit in the assertion that the concluding sentence of Instruction IV, which reads: "If you find her not guilty, you will say so and no more," is an equivalent of the mandatory reasonable doubt instruction. Upon another trial, it is recommended that the trial judge give a separate instruction couched in the language of the Criminal Code of Practice.

█ The appellant objected also to the introduction during the trial of photographs showing the body of Will Pollard, and of the shirt worn by him at the time he was shot. Before any evidence had been introduced, the following statement was made by one of the attorneys for the Poes:

"We would like to make an admission here that Will Pollard came to his death as the result of a gun shot wound as referred to in the indictment; that the shot made a hole through his body, one on the outside of the left breast, and the other on the right shoulder, and that he fell in the driveway leading to his house, about even with a well which will be shown in the evidence here from a map drawn by an Engineer."

The Commonwealth's Attorney refused to accept this admission as a fact. He then proceeded to introduce in evidence the shirt and photographs of the body. The introduction of gruesome photographs, bloody clothing, and the like is almost inevitably accompanied by the risk of inflaming the minds of the jurors to the prejudice of the accused. Where necessary to prove a contested relevant fact, their probative value is usually held to outweigh any possible prejudicial effect they might have. But where the facts sought to be proved by the possibly prejudicial evidence are admitted

by the defense, it is difficult to understand what probative value (other than as cumulative evidence) such evidence might have. While we are not deciding that the evidence objected to is necessarily prejudicial, it is suggested that in the event of a new trial, the Commonwealth's Attorney be more careful in introducing possibly inflammatory evidence unless the need for its introduction is more clearly shown than in the present record. Furthermore, no explanation was given for the refusal of the Commonwealth to accept the offered admission of the Poes.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.