Nevalene POE, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 6, 1958.

Moore & Morrow, Franklin & Franklin, Carroll S. Franklin, Madisonville, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

CAMMACK, Judge.

On her first trial Nevalene Poe was convicted of voluntary manslaughter for shooting Will Pollard and sentenced to prison for two years. We reversed that judgment because of improper instructions. See Poe v. Commonwealth, Ky., 301 S.W.2d 900. Upon her second trial Mrs. Poe was again convicted of voluntary manslaughter and was sentenced to prison for 21 years. This appeal is from that judgment.

The only error asserted by the appellant concerns the introduction in evidence of a shirt alleged to have been worn by Will Pollard at the time he was shot. The appellant objected to the admission of the shirt on the ground that its only purpose was to inflame the minds of the jurors. It is urged also for the first time on this appeal that the integrity of the shirt was not shown.

On this trial, as on the former one, Mrs. Poe testified, as did her husband and

son, that she shot Will Pollard in defense of herself and her husband, as he was advancing across the road toward her husband with a knife. The Commonwealth maintained that Pollard was shot in the back as he was walking up his driveway to his home across the road from the Poe home, and some 40 feet from where Mrs. Poe placed him. The facts and circumstances surrounding the shooting are set forth in the first case.

The appellant admitted that the bullet which killed Will Pollard passed through his body, one hole being on the left breast, and the other on his right shoulder. She admitted also that after Pollard was shot he fell in the driveway leading to his house, at a place located about even with his well. The admissibility of the shirt was discussed with the trial court in chambers. He ruled that it was admissible. Before introduction of the shirt as evidence the appellant also expressed a willingness to admit that the bullet hole in the front of the shirt was larger than the one in the back. This latter admission was made out of the presence of the jury.

In our opinion on the former appeal we cautioned against the use of evidence on a new trial which might tend to be inflammatory unless the need for its admission were clearly shown. On the first trial several photographs showing Pollard's body on the ground were admitted in evidence. On this trial they were not introduced. Counsel for the appellant argues earnestly and ably that the shirt also was objectionable and that the need for its admission was not clearly shown. The Commonwealth argues that the position and extent of the bloodstains on the shirt show that Pollard could not have walked some 40 feet after being shot and that the shirt

was of definite probative value in support of its version of the homicide.

▪ It is our view that the shirt had probative value as evidence. The location and extent of the bloodstains on the shirt, mainly above the bullet holes, are of some significance when considered in the light of Mrs. Poe's testimony that Pollard traversed some 40 feet before falling after he was shot. In addition, the shirt displayed the angle at which the bullet penetrated Pollard's body and the relative size of the two bullet holes. All of these factors had probative value which the jury was entitled to consider in addition to the appellant's admissions. It must be remembered that the appellant was relying on self-defense and though she was willing to admit the relative sizes of the holes she was not willing to admit that Pollard had been shot in the back. We think counsel for the Commonwealth stayed within the bounds of reason in commenting upon the shirt in his argument before the jury.

▪ The appellant argues that the Commonwealth failed to prove the integrity of the shirt and that it was therefore inadmissible. No objections relative to the integrity of the shirt were made on either trial. Had the appellant any doubts on this matter she should have raised them in the lower court. Pollard's widow testified that she delivered his shirt to representatives of the Commonwealth, and that the shirt admitted in evidence appeared to be that shirt. The trial court was satisfied as to the integrity of the shirt, and so are we, assuming the question to be before us. See 20 Am.Jur., Evidence, sections 716, 718, 719.

Judgment affirmed.