CASE 56—INDICTMENT—JUNE 16.

# Eldridge v. Commonwealth.

APPEALS FROM HARLAN CIRCUIT COURT.

1. PUNISHMENT AT HARD LABOR FOR NON-PAYMENT OF FINE.—In order to authorize the punishment at hard labor in lieu of imprisonment for non-payment of a fine, as provided by the act of April 10, 1878, the jury must say in terms whether the defendant shall be put at hard labor. It was not sufficient in this case for the jury to say in their verdict: "The working statute applied." It was the duty of the court to instruct the jury what was the nature and meaning of the statute, and for them to fix, in their verdict, the character and extent of the punishment, if any, they intended to inflict under it.
2. SAME.—No offenses for which a greater or other punishment than fine and imprisonment can be inflicted are contemplated by the statute. Therefore, the punishment of hard labor can not be imposed in addition to the punishment of exclusion from office and suffrage.

JOHN DISHMAN FOR APPELLANT.

No brief in record.

P. W. HARDIN FOR APPELLEE.

There being no motion nor grounds for a new trial, the appeal should be dismissed. (Louisville Chemical Works v. Commonwealth, 8 Bush, 188.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense charged in the indictment against appellant is receiving a bribe for his vote at an election, denounced by section 11, article 12, chapter 33, General Statutes, the punishment for which is a fine from fifty to five hundred dollars, and exclusion from office and suffrage.

But under an instruction of the court the jury returned a verdict of guilty, fixing the punishment at fifty dollars, exclusion from office and suffrage, and in the language used, "the working statute applied."

And thereupon the court rendered judgment for the fine, for excluding him from office and suffrage, and further, that having failed to pay or replevy the fine and the cost of the prosecution, he be placed in the custody of the jailer and worked on the public streets and roads of Harlan county the period of fifty days, of eight hours each, under the supervision of the jailer, and when not at work to be kept in jail.

The "working statute," as it is called in the verdict, and under which the judgment of the court was in part rendered, is one approved April 10, 1878. (See General Statutes, new ed., p. 464.)

By section 2 of that statute, it is provided that if part or all of a penalty for a misdemeanor prescribed in chapter 29, General Statutes, "be a fine, it shall be in the discretion of the jury fixing the amount of the fine to say in its verdict whether, if the fine and costs are not immediately paid or replevied by the defendant, he shall be put at hard labor in lieu of imprisonment for non-payment of the fine ; and if such be the verdict of the jury, the court shall direct that the defendant be placed under the control of the jailer, at hard labor, for the benefit of the county."

There are two sufficient reasons why the judgment rendered in this case is erroneous and illegal.

1. The statute gives to the jury discretion to say, and, to authorize any judgment of the court in regard thereto, it seems to us requires the jury to say, in terms, whether the defendant shall be put at hard labor. It is not, in our opinion, sufficient for the jury to say in their verdict merely, "the working statute applied." It was the duty of the court to instruct the

jury what was the nature and meaning of the statute, and for them to fix or not to fix in their verdict the character and extent of the punishment they intended to inflict under it.

2. The offenses for which it was intended by the statute to prescribe the punishment of hard labor, are manifestly such as may be punished under chapter 29 of the General Statutes, merely by fine and imprisonment in the county jail, and such as by reason of the punishment are denominated misdemeanors, as distinguished from crimes and high misdemeanors, for which, under section 4, article 8, of the Constitution, a person may be excluded from office and from suffrage.

Section 1 of the statute relates to cases where a part or all the penalty prescribed is confinement in the county jail, while section 2 relates to cases where part or all the penalty is a fine, the punishment by hard labor being authorized at the discretion of the jury under both sections. And section 3 is as follows: "If the penalty for a misdemeanor prescribed in said chapter be both fine and imprisonment, the principle of section 1 shall govern as to the imprisonment, and that of section 2 of this act shall govern as to the fine."

It is thus made clear that no offenses for which a greater or other punishment than fine and imprisonment can be inflicted are contemplated by the statute, and that the punishment of hard labor cannot be imposed in addition to the punishment of exclusion from office and suffrage.

In our opinion the judgment rendered in this case is unauthorized and void, and consequently must be reversed for a new trial.