## Smith v. Commonwealth.

(Decided September 26, 1911.)

### Appeal from Fayette Circuit Court.

Evidence—Testimony of an Accomplice.—The testimony of an accomplice to the effect that the defendant helped him to steal a box of oranges is sufficiently corroborated when it appears that the wrappers around the oranges which were stolen, were found in the defendant's possession and the evidence on this subject is sufficient to go to the jury when the possession of the wrappers is not explained by the defendant and the jury is warranted from a comparison to find that the wrappers which the defendant had were of the same lot as those remaining in the box.

NAT H. HOBBS for appellant.

JAS. BREATHITT, Attorney General and THEO. B. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Caldwell Smith was indicted in the Fayette Circuit Court under section 1201b, Kentucky Statutes, which is as follows:

"That any person who shall open any box, barrel or other package containing personal property of any kind while in the possession of a common carrier for transportation or delivery, for the purpose of appropriating the contents thereof to his own use, or to the use of another, or who shall appropriate to his own use, or to the use of another, any property in the possession of a common carrier for transportation or delivery, shall be guilty of a felony and shall be punished by confine-

ment in the penitentiary for not less than one nor more than five years.''

It was charged in the indictment that Caldwell Smith and Clarence Hossey, feloniously appropriated to their own use, a box of oranges, the property of another, which was in the possession of the Chesapeake & Ohio Railway Company, a common carrier, for the purpose of transportation and delivery. Hossey pleaded guilty to the indictment; Smith pleaded not guilty, and a trial being had, he was found guilty; his punishment was fixed at confinement in the penitentiary from one to five years; he appeals.

Section 241 of the Criminal Code provides:

''A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof.''

The chief complaint on the appeal is that the testimony of the accomplice, Hossey, was not corroborated by other evidence tending to connect the defendant with the commission of the offense. The proof for the Commonwealth showed that the box of oranges had been delivered to the railroad company for transportation by it as a common carrier, and had been placed in a car for that purpose; that the car had been sealed; that that night the car was broken open and the oranges taken out. Hossey testified that he and Caldwell Smith were together; that he took the oranges out of the car; that they carried the box across the railroad, and put it in the corner of the yard; that Smith then took out pretty near all the oranges from one end of the box and went home; that the oranges were wrapped up in paper wrappers. The officer who arrested Hossey found in his possession none of these paper wrappers that had come from around the oranges, but he found the remainder of the oranges where Hossey told him they were with the wrappers around them. These wrappers were produced in court. The officer who arrested Smith found at his house behind the range or stove lying on the hearth all wadded up together, a lot of wrappers that had come from around oranges. These wrappers were also produced in court. The defendant introduced no proof on the trial and offered no explanation as to how

he came by the wrappers all wadded up together and lying behind the stove. This bundle of papers as well as the papers found on the oranges which had been left in the corner of the yard, were before the jury. They are not before us. We can not say in the absence of the papers what evidence they presented of belonging to the same lot. The quantity of the papers and the fact that they were all wadded together and thrown behind the stove, was some evidence tending to confirm the statement of Hossey that Smith took pretty near all the oranges in one end of the box. In view of these facts, we can not say that there was no evidence tending to connect the defendant with the commission of the offense. The case was submitted to the jury under instructions which are faultless, and under all the facts we see no reason for disturbing the verdict of the jury.

Judgment affirmed.