## Urban v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Boyd Circuit Court.

1.    Assault and Battery—Evidence.—Upon the trial of one charged with assault and battery, evidence by the prosecuting witness that a short time before the assault he, witness, had been arrested

and taken to court and there interrogated as to where he had gotten liquor, and had answered that he got it at "Lou Urban's Place," and that after his arrest he had missed some money, was competent evidence to show a motive for the assault by a man named Lou Urban who had theretofore run the place known as "Lou Urban's Place" although he had some four months before sold the place.

2. Assault and Battery—New Trial.—Evidence examined and held to show such an aggravated and unprovoked assault as that a fine of one thousand dollars and six months in jail will not be held to have been such cruel and excessive punishment as would justify the court in granting a new trial.

3. Assault and Battery—Instructions.—Under an indictment charging one with forcibly and violently striking, beating and bruising another it is not necessary in the instructions to use either the words "maliciously" or "willfully."

4. Assault and Battery—Instructions.—Where the indictment charges the assault was made with a blackjack or other weapon to the grand jury unknown, and the evidence shows that the assault was made with defendant's fists, but at the time he had on a ring which caused cuts and bruises on the face of the person assaulted, the court did not err in instructing the jury that defendant was guilty if he assaulted or beat Deal with his hands "or anything else."

S. S. WILLIS and R. S. DINKLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted in the Boyd circuit court charged with assault and battery by forcibly and violently striking, beating and bruising J. F. Deal with a blackjack or other weapon to the grand jurors unknown, and by striking him with his fists.

Upon his trial he was found guilty and his punishment fixed at one thousand dollars fine and six months' imprisonment in the county jail. Because of the failure of the trial court to grant him a new trial he has appealed.

His grounds for a new trial are (1) that incompetent and prejudicial evidence was admitted against him; (2) that under the facts of the case the fine and imprisonment inflicted are unreasonable and excessive and therefore prohibited by section 17 of the Kentucky Constitution prohibiting excessive fines and cruel punishments;

(3) that the instructions are erroneous because they do not provide for the essential requirement of wilfullness and malice and because they authorize the conviction of the defendant if he struck the prosecuting witness with his hands "or anything else," as there was no evidence to warrant the inclusion of the last three words.

The facts are that one J. F. Deal in September, 1921, was a visitor in Ashland, Kentucky, where he had formerly resided; that while there on a visit he went to a place known as "Lou Urban's place" and there purchased from a man he did not know a drink of red whiskey and offered him a twenty .dollar bill in payment therefor, whereupon such person changed the twenty dollar bill and gave him the change; he then started out of the place, and at or near the door was arrested by a policeman for drunkenness and was taken to the police court where he was interrogated about the purchase of whiskey, and he stated in substance that he had gotten a drink of whiskey at "Lou Urban's place" from a man he did not know, and had gotten a twenty dollar bill changed and had placed the money so received in change in his hat and had not since been able to find it. It appears from the evidence that appellant Lou Urban up to four months before the occurrences narrated above had operated the soft drink stand at the place where Deal bought the whiskey, but at that time had sold it out to one Weeks and had not since had any connection whatsoever with the place.

Shortly after Deal had been so interrogated at the police court, and on the same day, he went to the postoffice, and there finding the mail not open walked along the street near the postoffice and appellant Urban was in his machine across the street and called Deal to him and as soon as Deal reached there he grabbed him by the lapel or collar of his coat, struck him with his fist and in the melee he, appellant, either got out of or was pulled out of the machine and further struck Deal some two or three blows. Appellant had on his hand a ring, a description of which is not given, and the blows from his fist with the ring on his finger caused some cuts on the face of Deal and produced considerable blood. Deal was drunk at the time, and no witness in the case states that any conversation occurred between Deal and appellant before the assault was made except the appellant himself.

Deal failed to state whether there was or not any conversation, and two or three witnesses, who were nearby and presumably could have heard any conversation which occurred, state they heard none.

Appellant's own evidence tends to show that Deal, who had lost his automobile, claimed that the machine appellant was in belonged to him (Deal) and that such claim was the cause of the difficulty; but the evidence for the Commonwealth tends to show that the assault was a deliberate and aggravated one by appellant on Deal because Deal in answering questions at the police court had connected appellant's name with the illegal sale of whiskey, and inferentially with the loss of his money.

Deal's testimony did not in any way connect appellant with the sale of the whiskey or with the loss of his money, but what he said was that he got the whiskey from an unknown man at "Lou Urban's place." Urban had run the place up to four months before that time and the place was known by his name, and Deal, who had been away from Ashland for some time, probably knew no other way to designate the place.

It is urgently insisted that the evidence given on the trial that the witness Deal bought the whiskey at Lou Urban's place was prejudicial to appellant because there was no connection shown between the purchase of the whiskey or the loss of Deal's money with the subsequent assault which happened a few hours later; but the theory of the Commonwealth was that appellant's assault upon Deal was the result of and entirely provoked by the evidence or statements which Deal had made in the police court connecting Urban's name with the illegal sale of the whiskey and inferentially with the loss of his money, and we are of opinion that the evidence was competent for the purpose of showing a motive in appellant to make the assault, and outside of appellant's own testimony there is no other motive shown. It is always essential to the Commonwealth in presenting its evidence to establish the motive for the commission of a crime and thereby to give to the jury an opportunity to increase or diminish the punishment of defendant in accordance with the motive which may be shown.

It is apparent the jury, knowing the parties and being familiar with the situation and the circumstances surrounding them, adopted the theory of the Commonwealth, for if they had believed, as testified by appel-

lant, that Deal had cursed and abused him and charged
him with stealing his automobile, they could not have
returned the verdict they did.

The second contention is that the fine of one thous-
and dollars and imprisonment for six months assessed
by the jury was cruel and excessive punishment within
the meaning of section 17 of our Constitution.

Assault and battery is a common law offense and the
punishment therefor is limited only by the constitu-
tional inhibition referred to—that is to say, the jury
may, within proper limits, assess any sum as a fine or
fix any imprisonment, in its discretion, in the county
jail, without any restriction except such as the court
may in its discretion deem to be contrary to the letter
and spirit of the constitutional inhibition referred to.

The evidence for the Commonwealth showed that ap-
pellant called Deal across the street to where he was
sitting in his machine, immediately grabbed him by
either the lapel or collar of his coat and struck him with
his fist; that Deal was at the time drunk and appellant,
in some way not made quite clear, was either pulled out
of or got out of his machine and assaulted Deal and
struck him in the face with his fist and knocked him
down; that he had on one of his fingers a ring which
made cuts and bruises on the face of Deal and produced
a good deal of blood.  Accepting, therefore, the theory
of the Commonwealth in the case, which the jury was
authorized to do, the assault by appellant was unpro-
voked and wholly unjustified, and we are unwilling to
say that under the facts in evidence there was such cruel
and inhuman punishment inflicted as would have justi-
fied the court in granting him a new trial.

The jury, and presumably the judge, knew these
parties, knew the witnesses and knew the circumstances
leading up to this assault, and were better enabled to
pass upon these questions than is this court.

An analysis of the evidence in this case does not
bring it within the class which at first blush appears to
have been induced by passion or prejudice.

The indictment charges appellant with forcibly and
violently striking, beating and bruising Deal and the in-
structions authorize a conviction of appellant without
using the words "maliciously" or "wilfully," but the
instruction does authorize an acquittal of appellant if
Deal on that occasion began the difficulty by laying
hands on appellant in a menacing or angry way or man-

ner, or if appellant in his necessary or reasonably apparent necessary self-defense and in order to avert the danger, real or apparent, to himself struck Deal with his hands.

We do not understand that an assault must be maliciously or wilfully made; on the contrary, an assault, even an aggravated assault, may be made upon the spur of the moment, without previous malice and without previous purpose so to do.

The indictment charges that the assault was made with a blackjack or other weapon to the grond jury unknown, but the evidence shows that the assault was made with appellant's fists, but that at the time of the assault he had on one of his fingers a ring which caused cuts and bruises on the face of Deal; and we therefore fail to see wherein the court erred to appellant's prejudice by instructing the jury that if appellant assaulted or beat Deal with his hands or "anything else" not in his necessary self-defense they should find him guilty, could have been prejudicial. On the whole case we see no error prejudicial to appellant's substantial rights and the judgment is, therefore, affirmed.