## Wynn v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Denial by Accused of Participation in Offense Does Not Affect Necessity for Corroborating Accomplice.—The provision of Criminal Code of Practice, section 241, that a conviction cannot be had upon the testimony of an accomplice unless corroborated, applies where accused denies all connection with the offense, and therefore denies, the witness was an accomplice, since the provision would be of little value if it applied only in case accused admitted the offense.

2. Criminal Law—Instruction on Testimony of Accomplice Should be Given Where One Witness was Admittedly an Accomplice.—Where one of the two witnesses for the prosecution admitted he participated in the manufacture of the liquor with which accused was charged, that fact alone was sufficient to require the giving of an instruction on the necessity for corroborating the testimony of an accomplice.

3. Criminal Law—Accused Can Testify Witness was Accomplice Though Witness Denied Participation in Offense, and Question is for Jury.—In a prosecution for manufacturing whiskey, where one of the witnesses for the prosecution denied any participation in the offense, testimony by accused that that witness had participated in the manufacture by keeping guard while the others did the work was competent to show that such witness was an accomplice whose testimony should have been corroborated, and the question as to whether or not he was an accomplice should have been submitted to the jury.

J. S. FORESTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of the offense of unlawfully manufacturing intoxicating liquor on the testimony of two witnesses, Byrd Dean and James Dean, who claim to have been present and to have seen appellant making whiskey in a moonshine still on Jones creek in Harlan county. Byrd Dean admitted that he was helping appellant and the other boys to run the still, but James Dean denied that he had any interest in the whiskey or rendered any assistance in its manufacture. On the other hand, appellant denied that he had anything to do with

the operation of the still, and testified that James Dean was present with a Winchester rifle and acted as a guard. Upon objection by the Commonwealth, the latter statement was stricken and the jury admonished not to consider it.

Complaint is made of the failure of the court to instruct on the law of accomplices, and of the rejection of appellant's evidence that the witness, James Dean, was present with a Winchester rifle and acted as guard for those who were engaged in manufacturing the whiskey. Section 241, Criminal Code, is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

Construing this provision of the Code, it has often been held that a conviction cannot he had solely on the testimony of an accomplice, Howard v. Commonwealth, 110 Ky. 356, 61 S. W. 756; and that if two or more accomplices are produced as witnesses, they are not deemed to corroborate each other. Blackburn v. Commonwealth, 12 Bush 181. It is insisted for the Commonwealth that the action of the court was not prejudicial because appellant denied all connection with the offense, and that being true, the witnesses could not have been accomplices. If the Code provision applied only in case the accused admitted the offense, it would be of little value. Its purpose was to prevent the conviction of the accused upon the testimony of accomplices alone, and it applies in every case where the witnesses for the Commonwealth are in fact accomplices. As Byrd Dean's participation in the offense was admitted, this fact alone was sufficient to require an instruction on the law of accomplices. Not only so, but appellant's evidence that James Dean was present with a Winchester rifle and acted as a guard for the others who were engaged in manufacturing the whiskey, though denied by the witness, was sufficient to make it a question for the jury whether or not he was an accomplice. That being true, the evidence should have been admitted, and the question submitted to the jury, accompanied by an appropriate instruction on the law of accomplices.

On another trial, the court, in fixing the punishment which the jury may impose, will be guided by the provisions of the act of 1920, which was in force when the alleged offense was committed.

Judgment reversed. and cause remanded for new trial consistent with this opinion.