# Galloway, Johnson, Green and Green v. Commonwealth.

(Decided June 9, 1925.)

## Appeal from Warren Circuit Court.

1. Indictment and Information—Sentence of Defendants to Pay a Fine of $500.00 and Six Months in County Jail for Possession of a Still Held Not Excessive.—Sentence of defendants to pay a fine

of $500.00 and six months in county jail for possession of a still held not excessive.

2.  Criminal Law—Appellate Court May Not Disturb Verdict for Excessiveness in Criminal Case, where Punishment is Within Limitations Fixed by Legislature.—Court of review may not disturb verdict on ground of excessiveness in a criminal case, where punishment is within limitations fixed by Legislature; it being a matter within discretion of General Assembly to fix limitation within which a jury may punish one convicted of crime.

3.  Intoxicating Liquors—Instruction to Find Defendants Guilty for Possessing Still Held Not Erroneous.—Instruction to find defendants guilty, if jury believed from evidence to exclusion of reasonable doubt that defendants, within the county and within 12 months before finding of indictment, were unlawfully in possession of an illicit moonshine still held not erroneous.

4.  Intoxicating Liquors—Instruction, that Aiders and Abettors in Misdemeanor Cases are Principals, Held Not Erroneous.—In prosecution for possession of a still, instruction, that aiders and abettors in misdemeanor cases are principals and should be so treated, held not erroneous.

5.  Criminal Law—Instruction on Corroboration of Accomplices Held Not Erroneous.—In prosecution for possession of a still, instruction, that defendants could not be convicted on testimony of accomplices unless corroborated and that corroboration was not sufficient if it merely showed offense committed and circumstances thereof, held not erroneous.

6.  Criminal Law—Instruction on Reasonable Doubt in Liquor Prosecution Held Not Erroneous.—In prosecution for possession of a still, instruction that jury should find defendants or either of them not guilty if it had reasonable doubt as to their guilt or as to guilt of either of them, held not erroneous.

7.  Intoxicating Liquors—Question of Defendants' Guilt in Prosecution for Possession of a Still Held for Jury.—In prosecution for possession of a still, question of defendants' guilt held for jury.

8.  Criminal Law—Improper Argument of County Attorney, in Prosecution for Possession of a Still, Held Not Prejudicial.—County attorney's argument, in prosecution for possession of a still, that defendant ought to be fined after it had been shown that a still was found on his premises, unless he proved to satisfaction of court that he was innocent, while improper as being too broad, held not prejudicial, since finding of an illicit still on lands of a defendant is evidence sufficient to go to jury if there are no other circumstances which tend to disprove defendant's connection therewith.

9.  Fines—Statute Requires Court to Sentence Defendant to Hard Labor, where he Fails to Pay His Fine, and where Jail Sentence is Inflicted.—Under Rash-Gullion Act, relating to punishment of persons convicted thereunder, court is required to sentence de-

fendant convicted thereunder to hard labor, where he fails to pay his fine, and also where a jail sentence is inflicted.

GARDNER, OLIVER & DIXON for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The four appellants were convicted in the Warren circuit court on an indictment accusing them of the offense of unlawfully having a moonshine still in possession, and fined $500.00 and adjudged to serve six months at hard labor in the county jail.

As grounds for reversal of the judgment they assign the following:

"1. That the verdict is excessive and against the law and evidence and a result of passion and prejudice;

"2. Failure of the court to properly instruct the jury;

"3. Failure of the court to instruct the jury to find each of the defendants not guilty at the close of appellee's testimony, and also when all evidence had been introduced;

"4. Because of misconduct of county attorney in arguing the case;

"5. Newly discovered evidence;

"6. Incompetent evidence."

The verdict seems rather heavy, but we are not prepared to say that a fine of $500.00 and six months in the county jail is a greater penalty than should be inflicted for the offense of which appellants were convicted. In fact, we are not permitted to disturb a verdict upon the ground of excessiveness in a criminal case where the punishment is within the limits fixed by the legislature, it being a matter within the discretion of the General Assembly to fix the limits within which a jury may punish one convicted of crime. Dillard Todd and Dewey Todd v. Commonwealth, 195 Ky. 379; Mitchell v. Commonwealth, 195 Ky. 819.

The instructions of which appellants complain seem to cover the whole law of the case. The court told the jury that if it believed from the evidence to the exclusion of a reasonable doubt that the appellants, in War-

ren county, and within twelve months before the finding
of the indictment, unlawfully had and kept in their pos-
session a moonshine still for the purpose of mak-
ing intoxicating liquors for other than purposes allowed
by law, to find them guilty and to fix their punishment
within the limits prescribed by the statutes. The court also
told the jury that aiders and abettors in misdemeanor
cases are principals and they should be so treated. In
another instruction the court told the jury that the de-
fendants could not be convicted upon the testimony of an
accomplice or accomplices unless such evidence be cor-
roborated and that the corroboration is not sufficient if
it merely show the offense committed and the circum-
stances thereof. The jury was also instructed it should
find the defendants, or either of them, not guilty if it
had a reasonable doubt as to their guilt, or as to the guilt
of either of them. This, it apears to us, is the whole law
of the case, and we find no error in the instruction.

The third ground of complaint raises the question
of whether there was sufficient evidence to submit the
case to the jury. The still was located in a cave on the
farm of Green brothers, in Warren county. A ladder
was necessary in order to go down into the cave. In the
cave was quite a large space. Water was available.
When the officers searching for a still went to the cave
they found three of the appellants on the ground and
arrested them. Part of them were members of the family
of appellee, William Green, and resided at his house.
As to the three found at the distillery there can be no
defense. The evidence was altogether sufficient.

It is said, however, that the evidence against Will
Green was not sufficient to carry the case to the jury
and if it amounted to a scintilla, was not sufficient to sup-
port the verdict. We cannot agree to that contention.
The distillery was found upon his farm. The operators
or at least some of them were staying at his house.
Some of them at least had supper and breakfast at his
home the night and morning before the arrest and left
that morning before daylight, or about that time, for the
cave to operate the still. It was testified by some of the
operators of the still that while Will Green knew all about
the still and its location and had advised about how it was
to be operated, he did not have any interest in it; that all
of them staid at his house and that he provided barrels
to be used at the still; that on one occasion he saw them
making or repairing the ladder which was to be used in

descending to the place of the still, and on the night before the arrest advised them to set the alarm clock for three (3) a. m., so that they could get to the cave before daylight. The officers who made the arrest testified they were acquainted with Will Green's general reputation for dealing in intoxicating liquors and that it was bad. The reputation of most of the others was also proven to be bad for the same thing. These facts, we think, were sufficient to carry the case to the jury and to support the verdict. There is no good reason assigned for the claim that a directed verdict should have been given as to any of the appellants.

The county attorney in arguing the case was guilty of misconduct in saying that "he (Will Green) ought to be fined after it had been shown that a still or parts of a still were found upon his premises, unless he came into court and proved to the satisfaction of the court that he was innocent and had no connection with or knowledge of the facts that a still was located on his lands." This statement was rather broad and general and perhaps an enlargement upon the law, but we have frequently ruled that the fact an illicit still is found upon the lands of a defendant is evidence sufficient to carry the case to the jury, if there are no other circumstances which tend to disprove his connection with it. In many cases defendants are convicted upon slight evidence other than the fact that the distillery is found upon their premises. We conclude, therefore, that while the statement was too broad it was not so prejudicial as to warrant setting aside the judgment.

Appellant devotes much of his brief to a discussion of the power of the trial court to sentence the appellants to hard labor at the county jail in the absence of a verdict inflicting what is known as the working statute, and he cites and relies upon sections 1377 and 1379, Kentucky statutes, and the case of Eldridge v. Commonwealth, 8 S. W. 892. Appellants correctly state the rule in ordinary misdemeanor cases but by statute (Rash-Gullion Act) the general rule has been changed, it being provided in the recent act that:

"All persons who are convicted under this act, where a jail sentence is inflicted as part of the punishment, shall serve out the jail sentence at hard labor and all fines and costs assessed against any person under this act, and not paid or replevied, shall

be served out by confinement at hard labor at the rate of one day for each one dollar of such fine and cost.''

This statute, it appears to us, requires the court to enter judgment sentencing a defendant convicted under it to hard labor in every case where he fails to pay his fine and in all cases where a jail sentence is inflicted. We so held in the recent case of Boone v. Commonwealth, 206 Ky. 657.

A careful review of the record discloses no error of sufficient importance to justify a reversal of the judgment as to either of the appellants, hence the judgment is affirmed *in toto*.

Judgment affirmed.