## Henderson and Pierce v. Commonwealth.

(Decided January 26, 1926.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Different Imprisonment Penalties of Codefendants Not Ground for Reversal—Where defendants were jointly convicted of grand larceny, that one 26 years of age was sentenced

to five years' imprisonment, whereas 17 year old defendant was only given two years, held not ground for reversal.

2. Criminal Law—Refusal of Continuance Because of Absent Witnesses Not Abuse of Discretion.—Refusal of continuance because of absence of material witnesses held not abuse of discretion, in absence of affidavit filed showing absence of witnesses, their names, their evidence, or diligence or effort to procure their attendance.

3. Larceny—Evidence Sufficient to Sustain Conviction.—In prosecution for grand larceny of automobile, evidence held sufficient to sustain conviction.

4. Criminal Law—Conversation of Prosecuting Attorney With Defendant's Witness During Noon Hour Not Improper.—Conversation of prosecuting attorney with defendant's alibi witness during noon hour, wherein he told her she had better get herself together and check her remembrance, and study over the thing, and where he tried to get her to remember exact date which she testified she was with defendants, held not improper nor prejudicial.

DAVID SESSMER and JOHN ROSE for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellants were jointly indicted, tried and convicted of grand larceny, the charge being that they stole an automobile, the property of Mrs. Marie Jarboe. The punishment of Henderson was fixed at five years' and that of Pierce at two years' confinement in the penitentiary.

The first insistence is that there should be a reversal on account of this difference in the penalties imposed because there is no proof that either of the appellants was more guilty than the other. This is true in a sense, since all of the evidence shows joint criminal action, but there is this material difference in the evidence upon the question of criminal responsibility; Henderson was 26 years of age at the time while Pierce was only 17. This difference in the age of the defendants not only satisfactorily explains the action of the jury but also justifies the wisdom of the legislature in conferring upon juries the discretion of imposing within prescribed limits different penalties for the same offense, as well as our rule uniformly recognized that their exercise of such discre-

tion is not reviewable. Pulliam v. Commonwealth, 211 Ky. 766, 278 S. W. 134, and cases there cited.

It is next urged that the court erred in refusing a continuance because of the absence of material witnesses. It does not appear, however, from the record or at all that any affidavit was filed showing the absence of any witnesses, their names, their evidence, or diligence or even effort to procure their attendance. There is, therefore, no basis whatever for the contention that the trial court abused a sound discretion in overruling the motion for a continuance.

Another complaint is of the court's refusal to direct an acquittal. This contention is clearly without merit. The automobile was stolen between the hours of seven and nine one evening, and early the next morning appellants were arrested while trying to sell the tires and accessories that had been removed from the automobile. The party to whom it was attempted to make this sale, being suspicious, telephoned for the police, and as the police approached appellants attempted to escape and were captured with the stolen accessories in their possession after a chase covering several city blocks. The officers testified without objection that each of the defendants admitted his guilt after being arrested. Upon the trial they denied having made such admission to the officers, but admitted their possession of the stolen accessories, and their attempted explanation thereof is so flimsy that it is not surprising that the jury refused to believe it or the *alibi* they tried to establish.

The final contention is that the prosecuting attorney was guilty of misconduct during the trial.

The sole basis for this contention is the testimony of one of defendants' witnesses upon cross-examination when called by the Commonwealth in rebuttal that, after she had testified in chief and during the noon hour, the prosecuting attorney said to her, in substance, that she had better get herself together and check her remembrance and study over the thing; that he tried to get her to remember the exact date about which she had testified she was with the defendants and that she could not do it otherwise than as she had testified that it was the night before the day of the defendants' arrest upon this charge.

We fail to see any impropriety in such action by the Commonwealth's attorney or how it could have been pre-

judicial in any way to appellants' substantial rights, especially in view of the fact that appellants themselves introduced it into the evidence.

Judgment affirmed.