### Taylor and Martin v. Commonwealth.

(Decided April 23, 1929.)

J. B. JOHNSON and JOHNSON & SILER for appellants.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

J. O. Taylor and S. Martin were indicted and convicted in the Whitley circuit court of the crime of stealing chickens, the property of J. L. Duncan, of the value of $20 or more, and their punishment was fixed at two years' imprisonment. They appeal.

The only grounds relied on for reversal of the judgment are: (1) The testimony of the accomplice, Charles Parrott, was not sufficiently corroborated. (2) The court did not properly instruct the jury on this question.

The commonwealth proved by Duncan that he lived about a mile from Woodbine and was a telegraph operator at night at Corbin; that on the night of April 6, when he left home about 10 o'clock, he saw a Chevrolet car parked at the far end of his place; some one was in it; the lights were turned out; he could not see the license or number, though a passing car threw its light on it. He had a lot of chickens in his barn not far from where the car was parked. The next morning 152 of these chickens had been stolen, and on looking at the ground he found three different distinct tracks between where the car was and the barn. Garland Coates testifies that he worked for the Kennedy Produce Company at Richmond, Ky., and about 6:30 in the morning of April 7, when he

reached the place of business, Parrott was there waiting for him, saying his two buddies had gone up the street. In a few moments Martin and Taylor returned, and he looked at the chickens. He agreed to buy the larger chickens, but did not agree to buy the smaller ones. Martin then went in and talked with the boss, and the boss agreed to give 25 cents each for the smaller chickens. Martin agreed to sell them for that. All of the chickens brought $46.40. When the amount was figured up he then asked them to whom the check should be made payable. They talked a few minutes, and then said make it to Charles Parrott. All three agreed to this. Charles Parrott testified that Martin and Taylor asked him to go with them to Duncan's and get the chickens; that they got there about 10 o'clock; that while they were standing there a car passed, as stated by Duncan; that Taylor got out and turned up the back license, and after this they saw a man coming along with a light in his hand; they waited until he passed on, and Taylor and Martin then went in the barn and got the chickens and put them all in a coop that they found in the barn. Then they took them down to Corbin and put part of the chickens in another coop so that they would not be so crowded, and then took them in the Chevrolet car to Richmond and sold them. Martin owned a Chevrolet car which he drove, and this car was identified by persons at Richmond who bought the chickens. While the chickens that were bought at Richmond had been shipped and could not be positively identified by Duncan, the description of the chickens given at Richmond corresponds in size and color and number with those stolen from Duncan. It is 68 miles from Corbin to Richmond. Parrott testified that he cashed the check and turned all of the money over to Martin, and that all that he got out of it was enough to pay his expenses to Cincinnati.

On the other hand, Martin and Taylor testified in substance that Parrott stole the chickens and brought them into Corbin and got them to go with him up to Richmond, and that after he cashed the check he paid Martin $12 and paid Taylor $3. Martin stated he got the $12 for the use of his car, and Taylor said he got $3 for going with them.

In Smith v. Commonwealth, 144 Ky. 537, 139 S. W. 802, where the defendant was charged with stealing a box of oranges, it was held that the testimony of the accomplice was sufficiently corroborated when the wrap-

pers around the oranges, which were stolen, were found in the defendant's possession. To the same effect is Wallace v. Com., 187 Ky. 775, 220 S. W. 1051, where two pairs of shoes were stolen and the defendant was found in possession of one pair of the shoes. In Frazier v. Com., 190 Ky. 196, 226 S. W. 1069, a large number of metal checks were stolen, and after the theft the defendant was seen in possession of a considerable number of such metal checks, and no explanation was offered as to how he came in possession of them. The case before the court cannot be distinguished from the above. All three of the persons were at Richmond together in a Chevrolet car; some of the chickens were then in an old homemade coop, and such a coop was taken from the barn of Duncan when the chickens were stolen. There were three distinct tracks leading from the car in the road to the barn. At Richmond, Martin controlled the sale of the chickens. He made the sale. Not only so, but after the chickens were sold the three had a consultation and then directed the check to be made to Parrott. These circumstances as strongly confirmed the testimony of the accomplice as the evidence in the cases above cited.

The verdict of the jury is not against the evidence. The explanation that the defendants give of the transaction was rejected by the jury and not without reason; for under the testimony as to what occurred at Richmond they were controlling the transaction and not Parrott.

The court gave the jury this instruction:

"A conviction of the defendants or either of them cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendants with the commission of the offense; and the corroboration is not sufficient if it merely shows the offense was committed and the circumstances thereof. If the testimony of the witness Charles Parrott is true, he is an accomplice in this case."

Appellants complain of the instruction and insist that the court should have told the jury that Parrott was an accomplice in the case. But if the court had so told the jury it could not have had any effect upon the result of the case, for Parrott testified to facts showing that he was an accomplice and there was no contrary evidence.

In addition to this, the instruction as given has been often approved. Craft v. Com., 80 Ky. 349; Patterson v. Com., 86 Ky. 313, 5 S. W. 387; Wynn v. Com., 198 Ky. 642, 249 S. W. 784; Anderson v. Com., 203 Ky. 681, 262 S. W. 1105; Galloway v. Com., 209 Ky. 501, 273 S. W. 63; Hobson Blain, etc., on Instructions, sec. 820.

Judgment affirmed.