## Miller v. Commonwealth.

(Decided May 28, 1929.)

JAMES & JAMES for appellant.

J. W. CAMMACK, Attorney General, and GEO. M. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON.—
Affirming.

Roy Miller and Will Miller were indicted in the
Hardin circuit court for the crime of feloniously break-
ing into the storehouse of J. B. Dyer at Sonora, with
intent to steal therefrom property of value. Roy Miller
was placed on trial. He was found guilty and sentenced
to the reform school until 21 years old. He appeals.

On the calling of the case the appellant announced
not ready and moved the court to continue the case or
postpone it to a subsequent day of the term to enable him
to get the testimony of his brother, Will Miller, who at a
previous term had been sentenced to the penitentiary and
was then at Eddyville. His counsel filed an affidavit
showing that Roy Miller is a boy of 16 years of age and
that the attorney did not know that Will Miller was in
the penitentiary and for that reason no motion had been
made for an order requiring the authorities to produce
him in court. The father of Roy Miller had had a sub-
pœna issued for Will Miller and this had been returned
not found. But all the family well knew that Will Miller
had been sent to the penitentiary. No steps had been
taken to secure his presence. The court, therefore, did
not err in refusing to continue the case on account of the
absence of Will Miller. The offense had been committed
more than a year before the trial.

Appellant also complains that the testimony of the
accomplice Andrew Barton was not sufficiently corrobo-
rated to sustain the conviction. J. B. Dyer testified that
on the night of September 12, 1927, his store was broken
into by some one breaking the glass out of the front win-
dow so as to enter the store; that the next morning a
number of Big Ike heavy blue denim shirts, size 17, were
missing; also a lot of overalls, shoes, three valises, and
other things. A few days later a lot of such goods were
found in the possession of Andrew Barton and identified
by Dyer by his handwriting on them giving the cost and
selling price. Andrew Barton testified that on the eve-
ning of September 12, he, Will Miller, Roy Miller, and
Jesse Johnson were swimming at Womack's pond, not
far from Sonora. They were all boys. The two Millers
asked him and Johnson to go with them to Sonora and
break into Dyer's store. He at first declined, but finally
agreed to go. The three then went to Sonora and later

708

in the night broke into the store and took out the goods above referred to, each one filling a suitcase. Jesse Johnson testified that he refused to go to Sonora with them or break into the store and went home from the pond; that the next morning he saw the three together; each had a new suitcase, and they opened them and showed him what they had taken from the store. Will Miller took out of his suitcase a new cap and gave it to him. Other witnesses testified to seeing the three boys in Sonora on the night of September 12, and several witnesses testified to seeing the three on the following day dressed in new Big Ike denim shirts and new overalls of the size taken from Dyer's store; Barton's shirt being so much too big for him as to be noticeable. The fact that all three had on the new shirts and new overalls was the subject of remark by the witnesses at the time. Johnson's testimony fully corroborates, in every detail, the testimony of Barton, and there is nothing in the record to contradict the evidence that he had nothing to do with the breaking into the store; so he was not an accomplice therein. Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Wellington v. Com., 158 Ky. 161, 164 S. W. 333; Elmendorf v. Com, 171 Ky. 410, 188 S. W. 483; Anderson v. Com., 193 Ky. 663, 237 S. W. 45.

In addition to this, the possession of the goods, which the evidence of other witnesses conduced to identify with the goods taken from Dyer's store, was a strong circumstance sustaining Barton's testimony, and the verdict cannot be held unwarranted by the evidence. Smith v. Com., 144 Ky. 537, 139 S. W. 802; Wallace v. Com., 187 Ky. 775, 220 S. W. 1051; Frazier v.. Com., 190 Ky. 196, 226 S. W. 1069; Taylor v. Com., 16 S. W. (2d) —.

Judgment affirmed.