

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 23, 1939

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-102
Re: Commissioners' Court compromising tax claims

This is in reply to your letter of January 11, 1939, to Honorable Gerald C. Mann in regard to Commissioners' Courts compromising tax claims.

Our interpretation of your question is whether or not a Commissioners' Court has the authority to compromise a seriously disputed claim for delinquent ad valorem taxes.

The particular case you refer us to is where a lessee's interest under an oil and gas lease was assessed separately from the interest of the lessor landowner, and the lease expired without the taxes being paid. Liability for the taxes is now being disputed. We will not go into the merits or the seriousness of this dispute, but we will endeavor only to answer the question as stated in the preceding paragraph.

This question was answered in an opinion dated December 7, 1937, by J. H. Broadhurst, Assistant Attorney General under Wm. McCraw, as follows:

"You are advised that in the opinion of this department the Commissioners' Court has no authority to make any compromise or reduction whatsoever in the amount of taxes assessed against delinquent property."



Unfortunately no statutes or authorities were cited or any reasons given for this holding.

As stated in the case of Landman v. State (Ct. Civ. App.) 97 S. W. (2d) 264:

"Commissioners' Courts can exercise only such powers as the Constitution or the Legislature specifically confers upon them, Constitution, Art. 5, Sec. 18."

This same rule had been previously stated by the Supreme Court of Texas in the cases of Bland v. Orr, 90 Tex. 492, 39 S. W. 558, and Mills County v. Lampasas County, 90 Tex. 603, 40 S. W. 403.

The constitutional grant of power to the Commissioners' Court is found in Article V, section 18, and Article VIII, Section 18, of the Constitution of Texas, and the statutory grant of power is found in Title 14 (Articles 2339 to 2372c inclusive) and Articles 7206, 7211 and 7212 of the Revised Civil Statutes of Texas; and no authority to release or compromise accrued tax claims is stated in these provisions.

Article VIII, section 18, of the Constitution and Articles 7206, 7211 and 7212 of the Statutes, referred to above, provide that the Commissioners' Court shall sit as a county board of equalization for taxes prior to June 1st of each year, and several cases have arisen as to their power over taxes by virtue of this authority. In the case of Clawson Lumber Company v. Jones, 49 S. W. 909, it was said:

"After the approval of the roll by the Board of equalization, it had no further jurisdiction in the matter, and the order of the Commissioners' Court made February 21, 1898, reducing the assessment, was void for want of authority in the court to make the order."

In the case of C. R. I. & G. Ry. Co. vs. State, 241 S. W. 255, it was said:

"After the tax rolls are made up in accordance with the 'final' review and action of that tribunal and are certified by such board (Commissioners' Court) their jurisdiction over that property for assessment purposes for that year is legally ended." (Parenthesis ours)

Not only does the Constitution fail to grant such authority to the Commissioners' Court, but it puts certain limitations on the Legislature that might have some bearing on this question. Article VIII, section 10, provides:

"The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or County purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature."

Article III, section 55, provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

It is interesting to note that this last quoted section was amended in 1932 by the addition of the phrase: "except delinquent taxes which have been due for a period of at least ten years." The including of the phrase in the amendment indicates that the Legislature did not have the power to authorize the releasing of delinquent taxes, and therefore in order to release those over ten years old, it was necessary to specially except them.

These two last quoted sections of the Constitution have been construed in several instances in which the Commissioners' Courts have attempted to compromise debts and liabilities due the county. In the case of Bland v. Orr, supra, in which a county treasurer was in default and the Commissioners' Court had attempted to compromise the claim against him, the Supreme Court of Texas said:

"We are of the opinion that the Commissioners' Court had not the power to compromise the debt and to discharge the liability upon the bond."

"We have found no provision in our statutes which gives those courts any authority over obligations due the county, and, although the briefs

of counsel upon this question show commend-
able zeal and ability, none are therein cited."

In the case of Delta County v. Blackburn, 100 Tex.
51, 93 S. W. 419, the Supreme Court of Texas held that Art-
cile III, Section 55, prohibited a Commissioners' Court from
cancelling interest on obligations given for school land,
and the Court said:

"If the matter be regarded as the Com-
missioners regarded it, the conclusion is
equally fatal to his defense. They simply
attempted to release him from his alterna-
tive obligation to pay the whole debt at
once or to continue to pay interest at the
rate of 7 per cent, which, under the Consti-
tution, they had not the power to do."

Other cases to the same effect are Slaughter v.
Hardeman County, 139 S. W. 662, and Eastland County v.
Davisson, 290 S. W. 196, reversed on other grounds in 298
S. W. 268.

The cases directly in point in other states that
we have found hold that a Commissioners' Court cannot com-
promise a disputed tax claim. Peter v. Parkinson, 83 Ohio
St. 36, 93 N. E. 197, and Logan City v. Allen (Utah) 44
Pac. (2) 1085.

The general rule is stated in 3 Cooley on Taxa-
tion, 4th Ed. 2493, as follows:

"Generally tax officers, or boards of
county commissioners, or the like, have no
power to compromise a tax, or to release it
wholly or in part, unless specially authori-
zed by statute. So, where an assessment has
become final, assessing officers have no au-
thority to agree that if the taxpayer pay the
current taxes they would forego collecting
the taxes for preceding years."

In view of the above authorities, we believe
that the holding of this Department on this question on

December 7, 1937, was correct; and it is, therefore, our opinion that a Commissioners' Court does not have the authority to compromise a disputed claim for delinquent ad valorem taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Assistant

CCR.BT

APPROVED:

ATTORNEY GENERAL OF TEXAS